# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA )
) Case No. 2:11-cr-00188-RLH-CWH
vs. )
) **ORDER**
)
ADMA FATA, )
)
               Defendant. )

This matter comes before the Court on Defendant's Motion for Relief from Prejudicial Joinder (#38), filed on October 14, 2011. The Court has considered Defendant's Motion, the government's response (#45) and Defendant's reply (#46).

**BACKGROUND**

On August 2, 2011, the federal Grand Jury returned a Superseding Indictment against the Defendant charging her with seven (7) counts of Illegal Acquisition of a Firearm. Defendant allegedly acted in concert with her husband, co-Defendant Antoun Fata.

On or about April 18, 2011, the Bureau of Alcohol Tobacco and Firearms opened an investigation into multiple purchases of weapons in Nevada by Defendant and Mr. Fata. ATF learned that Defendant and Mr. Fata were residents of California and had completed numerous forms in conjunction with the purchase of firearms using an address in Las Vegas. Investigation revealed that Defendant and Mr. Fata did not reside at the Nevada address listed on the forms.[1] Mr. Fata is visually

---

[1] Mr. Fata was issued a Nevada identification card bearing the Las Vegas address. However, the Fatas did not obtain service for the address through NV Energy and the manager, staff member, and Security Supervisor of the development did not recognize a photograph of Mr. Fata. Further, the current resident began living at the address prior to purchases made by the Fatas with the same address.

impaired, and Defendant reportedly assisted her husband to complete the forms needed to purchase the weapons.

On May 15, 2011, ATF Agent Michael LaRusso discovered that Defendant was visiting Las Vegas. ATF began surveillance operations and observed Defendant and her husband purchase firearms at several retail stores. Defendants began their return trip to California on I-15 at about 3:00 p.m. on May 15, 2011 from South Point Hotel in Las Vegas. About 25 miles south of Las Vegas, at 3:28 p.m., near the exit for Jean, Nevada, Las Vegas Metro Police Officers Larios and Thai, who were following Defendants in support of the ATF investigation, conducted a traffic stop after they observed that Defendant's vehicle was speeding. ATF agent Michael LaRusso had also been following Defendants, and stopped behind them on the side of the highway.

When he arrived, Agent LaRusso saw that Defendant and Mr. Fata were standing outside of their vehicle on the roadside. The Metro Officer advised Agent LaRusso that he had a brief conversation with Mrs. Fata, who was the driver of the vehicle. He reported that Defendant informed him that she was from California, had visited Las Vegas for the day, and that there were firearms in the trunk of the vehicle. Agent LaRusso then approached Mr. Fata and asked him several questions. In response to Agent LaRusso's questions, Mr. Fata indicated that he was from California, that he was in Las Vegas to purchase firearms, that he was taking the firearms that he had purchased to California and then to Lebanon, and that he had done this on previous occasions. Based on this discussion, Agent LaRusso decided to place Mr. Fata under arrest.

In Mr. Fata's post-arrest statement to ATF, he stated that Defendant completed the ATF forms in order to purchase firearms due to Mr. Fata's impaired vision. Mr. Fata further stated that he tells Defendant what address to list on the form.

## **DISCUSSION**

Federal Rule of Criminal Procedure 8 allows the joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 is construed broadly in favor of initial joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994) (citations omitted). "Generally,

defendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991) (citation omitted). "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials." *Id*. (citations omitted).

Rule 14 provides relief from joinder of defendants under Rule 8(b) through severance. Fed. R. Crim. P. 14(a). To warrant severance, the defendant bears the heavy burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way - by severing the trial." *United States v. Castro*, 877 F.2d 988, 996 (9th Cir. 1989) (citation omitted). "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id*. (citation omitted). "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)).

Defendant first argues that relief from prejudicial joinder is warranted in this case because her defense is mutually exclusive or antagonistic with co-defendant Antoun Fata. In support, Defendant relies on the post-arrest statement of Antoun Fata wherein he stated that Defendant completes the ATF forms in order to purchase firearms due to his blindness and that he instructs Defendant what information to provide on the forms.

To prevail under this theory, Defendant must show that "the core of the co-defendant's defense is so irreconcilable with the core of [her] own defense that the acceptance of one party's defense will preclude the acquittal of the other party." *United States v. Johnson*, 297 F.3d 845, 858 (9th Cir. 2002) (citing *United States v. Hanley*, 190 F.3d 1017, 1028 (9th Cir. 1999)). The Ninth Circuit has stated that "[a]ntagonism between defenses or the desire of one defendant to exculpate himself by inculpating a co-defendant . . . is insufficient to require severance." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996).

Defendant states that Mr. Fata could place blame on Defendant by testifying that Defendant filled out the forms on his behalf. Defendant concludes that if Mr. Fata asserts this defense it necessitates her being found guilty. However, the jury could simply find that Defendant was only

regurgitating information on behalf of Defendant due to his blindness.  Further, Defendant may assert that Mr. Fata instructed her as to what information to provide on the forms.  She argues that this defense would necessitate the jury finding Mr. Fata guilty.  This is not persuasive because the jury could reasonably believe that the elements of the charge were not met since Mr. Fata did not actually provide the false information directly to the dealer.

Alternatively, the jury could believe both defenses and convict both defendants since Mr. Fata provided the information and Defendant transcribed the address she knew to be false.   This result demonstrates that the two defenses are not so irreconcilable since both can logically be believed.  Regardless, Defendant has not presented evidence showing that compelling prejudice will result from a joint trial based upon mutually antagonistic defenses.

Additionally, Defendant claims that at a joint trial she would suffer prejudice as a result of spillover from the evidence of Mr. Fata's transportation of weapons to Lebanon, his involvement in the Christian Militia, and his ownership of a gun range in Lebanon that would otherwise not be admissible against Defendant.[2]  This argument is not persuasive as it could easily be rendered non-prejudicial through a limiting instruction that the evidence relates only to Mr. Fata.

Defendant further contends that severance is necessary to prevent prejudice because co-defendant Antoun Fata is currently unable to provide exculpatory testimony in her defense.  To prevail on this basis Defendant must show that (1) she would call Mr. Fata at a severed trial; (2) Mr. Fata would in fact testify; (3) the testimony would be favorable to Defendant; (4) and the testimony would not be cumulative.  *United States v. Jenkins*, 785 F.2d 1387, 1393 (9th Cir. 1986) (citations omitted); *see also United States v. Hoelker*, 765 F.2d 1422, 1425 (9th Cir. 1985), *cert denied*, 475 U.S. 1024 (1986).

Defendant argues that Antoun Fata's post-arrest statement evidencing that he instructs

---

[2] The Court notes that this evidence may likewise not be admissible against Mr. Fata in a joint trial under Federal Rules of Evidence 401 and 403, as he is not charged with illegally transporting weapons to a foreign country.  Therefore, the likelihood that this evidence will be admitted is small.

Defendant with the information to list on the ATF forms is exculpatory.[3] Defendant apparently assumes that Mr. Fata will invoke his Fifth Amendment rights if the two were to be tried jointly. The government argues that Defendant cannot establish that Mr. Fata will testify on her behalf since the government will stipulate to the contents of Mr. Fata's arrest statement rendering his testimony unnecessary. However, Defendant is not required to enter into such a stipulation and may instead call the witness on her behalf.

The government further contends that even if Mr. Fata were to testify, the evidence would not necessarily be favorable to Defendant. Defendant had direct knowledge of the information Mr. Fata allegedly instructed her to provide, including his current address. Even if Defendant wrote false information at Mr. Fata's direction, this evidence would not negate the fact that Defendant had knowledge that the statements were incorrect.

Defendant is charged with acting in concert with Mr. Fata to commit seven illegal acquisitions of firearms in violation of 18 U.S.C. §§ 2, 922(a)(6), 924(a)(2). Conviction under these sections requires the government to prove that Defendant knowingly provided false information intending to deceive dealers into believing the firearm could be lawfully sold to Defendant. *See* Ninth Cir. Jury Inst. 8.58. The government argues that whether Mr. Fata told Defendant what information to write is irrelevant since Defendant and Mr. Fata are husband and wife and reside at the same address. Defendant would likely know that the address given to her by Mr. Fata was false before she stated the information on the ATF form.[4]

Thus, even if Mr. Fata testified on her behalf, the evidence would not negate the fact that Defendant filled out the forms with information she knew to be false. Defendant can therefore not establish that Mr. Fata's testimony would be favorable to her.

Based on the foregoing, Defendant has not met the high standard requiring a showing that prejudice resulting from a joint trial would be severe and compelling.

---

[3] Defendant also states that the written discovery notes differing testimony on whether each question of every ATF forms was read to Mr. Fata, but does not provide further details.

[4] Notably, Defendant does not plan to assert a lack of knowledge of Mr. Fata's address.

5

**IT IS HEREBY ORDERED** that Defendant's Motion for Relief from Prejudicial Joinder (# 38) is **DENIED**.

DATED this 15th day of March, 2012.

_____
C.W. Hoffman, Jr.
UNITED STATES MAGISTRATE JUDGE